IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Richard Whitescarver | : |
| | :    Case No. C-1-03-911 |
|     Plaintiff | : |
| | :    District Judge Susan J. Dlott |
| v. | : |
| | :    ORDER DENYING MOTION FOR |
| Sabin Robbins Paper Co., *et al.* | :    LEAVE TO AMEND |
| | : |
|     Defendants | : |

This matter comes before the Court on Defendant's Motion for Leave to Amend Answer and Assert Counterclaim ("Motion for Leave to Amend") (doc. #29) pursuant to Rules 13 and 15 of the Federal Rules of Civil Procedure. For the following reasons, the Court **DENIES** the Motion for Leave to Amend.

**I.      BACKGROUND**

Plaintiff Richard Whitescarver filed his Complaint (doc. #1) in this matter on December 24, 2003 seeking a declaration of his rights under a retirement benefits plan governed by Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Defendant Sabin Robbins Paper Co. ("Sabin Robbins"), in its corporate capacity and as the administrator of the Sabin Robbins Supplemental Executive Retirement Plan, filed an Answer (doc. #4) on January 13, 2004. Sabin Robbins did not assert a counterclaim at that time.

On October 19, 2004, Whitescarver filed a motion for judgment on the pleadings. (Doc. #13.) Sabin Robbins responded by filing a motion to dismiss or stay the action on November 8, 2004 (doc. #16) and a competing motion for judgment on the pleadings on January 14, 2005 (doc. #24). Subsequently, the Court denied Sabin Robbins' motion to dismiss or stay the action. (Doc.

#28.)  The competing motions for judgment are fully briefed and became ripe for adjudication on February 22, 2005.

Nonetheless, on March 1, 2005, the same day that the Court issued its Order denying the motion to dismiss or to stay, Sabin Robbins filed the instant Motion for Leave to Amend.  In the proposed counterclaim, Sabin Robbins would assert upon information and belief that Whitescarver misused confidential and trade secret information to unlawfully engage in a competing enterprise in violation of Ohio law.  Sabin Robbins bases its counterclaim on a January 26, 2005 letter from an entity called Brite Paper, Inc., with whom Whitescarver is associated, expressing Brite Paper's interest in buying Sabin Robbins' assets or equity interests.  Whitescarver opposes the Motion for Leave to Amend on the grounds that the motion is untimely and the Court would lack supplemental jurisdiction over the proposed counterclaim.

## II.     ANALYSIS

Rule 13 of the Federal Rules of Civil Procedure permits a defendant to file a permissive counterclaim "not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim" that has matured or been acquired after the defendant has filed his answer, with the permission of the Court.  Fed. R. Civ. P. 13(b) & (e).  Rule 15 of the Federal Rules of Civil Procedure permits a party to amend its pleading with leave of the Court, and it permits a party to file a supplemental pleading setting forth events that have occurred since the date of the original pleading upon motion and upon such terms as are just.  See Fed. R. Civ. P. 15(a) & (d).

This Court has discretion whether to grant or deny a motion for leave to amend or supplement a pleading.  See Caldwell v. Moore, 968 F.2d 595, 599 (6th Cir. 1992) (on Rule

15(a)); Schuckman v. Rubenstein, 164 F.2d 952, 958 (6th Cir. 1947) (on Rule 15(d)). Such motions can be denied for undue delay or prejudice to the opposing party. See Caldwell, 968 F.2d at 598; Otis Clapp & Son, Inc. v. Filmore Vitamin Co., 754 F.2d 738, 743 (7th Cir. 1985).

In this case, permitting Sabin Robbins to add a counterclaim at this late date would prejudice Whitescarver. This case has been pending for more than one year. The parties have prepared competing motions for judgment on the pleadings. An Order adjudicating Whitescarver's original claim on the merits will be issued contemporaneously with this Order. However, if the counterclaim is filed, the case will be extended indefinitely by a new round of pleadings, the opening of discovery, and a likely second round of dispositive motions. The Court will deny the pending Motion for Leave to Amend because of the delay and prejudice the counterclaim would cause. See e.g., McCormack v. Frank, No. 93-5416, 1994 WL 419589, at *5 (6th Cir. Aug. 10, 1994) (denying motion to amend and supplement where it would require reopening discovery and delaying trial); Caldwell, 968 F.2d at 599 (denying motion to amend, in part, because discovery was closed); Clapp & Son, Inc., 754 F.2d at 743 (denying motion to supplement because it would require new discovery and other parties were ready to proceed to trial).

Based on this holding, the Court need not determine whether it could exercise supplemental jurisdiction over Sabin Robbins' proposed counterclaims. Nonetheless, the Court notes that it would decline to exercise supplemental jurisdiction, if it existed, because the Order being issued contemporaneously herewith resolves on the merits the claim over which the Court had original jurisdiction. See 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

For the foregoing reasons, the Defendant's Motion for Leave to Amend Answer and Assert Counterclaim (doc. #29) is **DENIED**.

IT IS SO ORDERED.

              ___s/Susan J. Dlott_____
              Susan J. Dlott
              United States District Judge