IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Richard Whitescarver | : | |
| | : | Case No. C-1-03-911 |
| Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING DEFENDANT'S |
| Sabin Robbins Paper Co., *et al.* | : | MOTION FOR RECONSIDERATION |
| | : | |
| Defendants | : | |

This matter comes before the Court on Defendant Sabin Robbins Paper Company ("Sabin Robbins")'s Motion for New Trial, Hearing, and Reconsideration of Order Granting Plaintiff's Motion for Judgment and Denying Defendant's Motion for Judgment ("Motion for Reconsideration") (doc. #34). For the reasons that follow, the Court **GRANTS** Sabbin Robbins' Motion for Reconsideration (doc. #34).

**I.     BACKGROUND**

Plaintiff Richard Whitescarver is a former employee and the former president of Defendant Sabin Robbins Paper Company ("Sabin Robbins" or "the Company"). During his employment he became a member of the Sabin Robbins Paper Co. Supplemental Executive Retirement Plan (the "Retirement Plan"). The Retirement Plan is an employee benefit "top hat plan" defined and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* In August 2003, the Board of Directors ("Board") of Sabin Robbins removed Whitescarver from the office of president . In October 2003, the Board terminated Whitescarver's employment. Sabin Robbins expressly determined that Whitescarver's termination was with "cause," as that term was used and defined in the Retirement Plan, and

1

therefore, that Whitescarver was ineligible to receive benefits under the Retirement Plan.

On December 24, 2003, Whitescarver filed this suit against Sabin Robbins in its corporate capacity and as the administrator of the Plan. He sought a declaration that his termination from Sabin Robbins was without cause for purposes of the Retirement Plan. Thereafter, Sabin Robbins moved to dismiss or stay these proceedings because Whitescarver allegedly failed to exhaust his administrative remedies. In an Order dated March 1, 2005, the Court denied the motion, holding that Whitescarver's written request for an administrative review by the Board, coupled with the two sworn statements he provided regarding the events leading up to his termination, were sufficient to exhaust his administrative remedies under the terms of the Retirement Plan, which contained no written claims procedures. (Doc. #28.)

Both parties filed motions for judgment on the pleadings. Sabin Robbins argued in its briefs that it had terminated Whitescarver with cause on the grounds of disloyalty, one of the specific grounds for termination with cause stated in the Retirement Plan. On April 28, 2005, the Court entered an Order holding that Sabin Robbins' decision to terminate Whitescarver for disloyalty could not be upheld under an arbitrary and capricious review because it was neither based on a principled reasoning process nor supported by substantial evidence in the administrative record. (Doc. #32.) The Court therefore granted judgment on the pleadings to Whitescarver. (Id.)

Sabin Robbins now moves for a new trial for the purpose of hearing oral argument and reconsidering the Court's April 28, 2005 Order granting judgment to Whitescarver. Whitescarver opposes the motion.

## II. ANALYSIS

### A. Motion for Reconsideration

Rule 59 of the Federal Rules of Civil Procedure provides that a court may grant a new trial, or, in an action tried without a jury, a court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a). Rule 59 also provides that a party must file a motion to alter or amend a judgment no later than ten days after the judgment was entered. As Sabin Robbins' motion was filed within ten days of the entry of judgment, the Court construes Sabin Robbins' motion as if it had been filed pursuant to Rule 59.

Rule 59 gives a court the authority to amend a judgment in limited circumstances. A motion filed pursuant to Rule 59 may be granted: (1) to accommodate an intervening change in controlling law; (2) to account for newly discovered and previously unavailable evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice. See Gencorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999); Berridge v. Heiser, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997). Motions under Rule 59 should not be granted to allow the losing party to repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier. See, e.g., Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998); Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc., 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (citation omitted); Johnson v. Henderson, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

### 1. Court's Denial of Request for Oral Argument[1]

---

[1] Sabin Robbins also requested oral argument on its Motion for Reconsideration.

Pursuant to the Local Rules for the Southern District of Ohio, parties may apply to the Court for oral argument if "oral argument is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented." S.D. Ohio Civ. R. 7.1(b)(2). Parties apply "by including the phrase "ORAL ARGUMENT REQUESTED" (or its equivalent) on the caption of the motion or on a memorandum." Id. The parties must also "succinctly explain[]" the grounds for such request. Id. As Sabin Robbins admits, however, Local Rule 7.1(b)(2) leaves the Court with discretion whether to grant a request for oral argument. See id. ("If the Court determines argument . . . would be helpful, the Court will notify all parties."); see also doc. #34 at 2.

Whitescarver, but not Sabin Robbins, explicitly requested oral argument on the face of his motion. (See doc. #13.) Sabin Robbins' only mention of an oral argument was in the concluding paragraph in its reply brief, where it stated that "Each party requests a hearing." Thus, while Whitescarver partially complied with Local Rule 7.1(b)(2), both parties failed to state the reasons they were requesting oral argument. (Docs. #24, 25, 27.) The Court, after initially reviewing the parties' briefs and the administrative record, determined that oral argument was not necessary to decide the case, and issued its Order granting judgment to Whitescarver without holding an oral argument, which was well within its discretion to do.

The Court's decision not to grant oral argument does not qualify as an intervening change in controlling law, newly discovered and previously unavailable evidence, or a clear error of law. Nor has Sabin Robbins cited any specific examples from the Court's April 28, 2005 Order where the Court misstated the facts contained in the administrative record. However, Sabin Robbins has persuaded the Court that granting its motion for reconsideration and oral argument is necessary to

prevent manifest injustice. The Court therefore **GRANTS** Sabin Robbins' motion on this basis.

The Court will permit oral argument by both parties on Plaintiff's Motion for Reconsideration. Oral argument will be strictly confined to parts of the Administrative Record. The Court will not allow or consider at oral argument any evidence outside the Administrative Record, which is not permitted under ERISA law.

The Court will expect counsel who make oral argument to give page cites to the Administrative Record for every assertion they make.

Oral argument is set for August 28, 2006 at 10:00 AM in Courtroom 7. Each side will be allowed up to one hour for its argument.

IT IS SO ORDERED.

                                             ___s/Susan J. Dlott_____
                                             Susan J. Dlott
                                             United States District Judge