IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Richard Whitescarver, | : | Case No. C-1-03-911 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER PERMITTING PARTIES TO |
| | : | COMPLETE THE ADMINISTRATIVE |
| Sabin Robbins Paper Co., *et al.,* | : | RECORD AND DENYING |
| | : | PLAINTIFF'S MOTION FOR |
| Defendants. | : | ATTORNEY FEES |

This matter comes before the Court on Defendant's Memorandum Supporting Remand (doc. 44), and Plaintiffs' Memorandum of Law on the Court's Authority to Order an Interlocutory Remand to Supplement the Administrative Record (doc. 45).  Also pending is Plaintiff Richard Whitescarver's Motion for Attorney's Fees (doc. 35).

**I.  PROCEDURAL POSTURE**

Plaintiff Richard Whitescarver is a former employee and the former president of Defendant Sabin Robbins Paper Company ("Sabin Robbins" or "the Company").  During his employment he became a member of the Sabin Robbins Paper Co. Supplemental Executive Retirement Plan ("SER Plan").  The SER Plan is an employee benefit "top hat plan" defined and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  In August 2003, the Board of Directors ("Board") of Sabin Robbins removed Whitescarver from the office of president.  On October 23, 2003, the Board terminated Whitescarver's employment.  Sabin Robbins expressly determined that Whitescarver's termination was for "cause," as that term was used and defined in the SER Plan, and therefore, that Whitescarver was not entitled to receive benefits.  Sabin Robbins' reiterated its decision to

1

terminate Whitescarver for "cause" in a November 10, 2003 letter.

On November 14, 2003, Whitescarver, through his attorney, requested that Sabin Robbins reconsider its termination decision and provided a sworn statement from Whitescarver detailing his version of the events leading up to and subsequent to his termination.  In a November 26, 2003 letter in response, Sabin Robbins explained in greater detail the basis for its decision to terminate Whitescarver, but stated that it would reconsider the decision if Whitescarver produced cell phone records which Sabin Robbins believed were relevant to the issue of whether Whitescarver had acted in a manner disloyal to the Company.  Whitescarver had refused earlier requests by the Company to produce the cell phone records.  On December 22, 2003, Whitescarver's attorney provided the Company with a second sworn statement from Whitescarver and a sworn statement from a former Company Board member, and stated his understanding that "Sabin Robbins' position is that it will not consider any appeal by Mr. Whitescarver unless he relinquishes his personal phone statements."

On December 24, 2003, Whitescarver filed this suit against Sabin Robbins in its corporate capacity and as the administrator of the Plan.  He sought a declaration that his termination from Sabin Robbins was without cause for purposes of the SER Plan.  Thereafter, Sabin Robbins moved to dismiss or stay these proceedings because Whitescarver allegedly failed to exhaust his administrative remedies.  Sabin Robbins argued, in essence, that Whitescarver did not exhaust his administrative remedies because he did not provide the cell phone records that Sabin Robbins demanded before it would consider Whitescarver's request for an appeal.  In a March 1, 2005 Order, the Court denied the motion, holding that Whitescarver's written request for an administrative review by the Board, coupled with the two sworn statements he provided regarding

the events leading up to his termination, were sufficient to exhaust his administrative remedies under the terms of the SER Plan, which contained no written claims procedures. (Doc. 28.)

Subsequently, the Court ruled upon the parties cross-motions for judgment on the administrative record which had been briefed while the motion to dismiss or stay was pending. The Court held that Sabin Robbins' decision to terminate Whitescarver for disloyalty could not be upheld under an arbitrary and capricious review because it neither was based on a principled reasoning process nor supported by substantial evidence in the administrative record. (Doc. 32.) The Court therefore granted judgment to Whitescarver. (Id.) Sabin Robbins subsequently moved for reconsideration and specifically requested oral argument. The Court then issued an Order granting reconsideration to the extent that it agreed to hear oral argument, but in so doing it stated that oral argument had to be strictly confined to discussion of the administrative record pursuant to ERISA. (Doc. 40.)

Oral argument was held on October 5, 2006. The parties agreed at oral argument that a settlement conference might be beneficial. The Court thereafter held a settlement conference with the parties and their attorneys on October 30, 2006. It became apparent at oral argument and in the off-the-record settlement discussions that the parties were in sharp disagreement about whether the administrative record was fully developed at the time Whitescarver filed suit. Pursuant to the Court's request, the parties then briefed the issue of whether a remand was necessary to enable the parties to complete the administrative record.

## II.     ANALYSIS AND CONCLUSION

Sabin Robbins contends that remand is necessary because it was not permitted, as the plan administrator, to complete its administrative review based on a full record. Its arguments here

3

echo those it raised in its motion to dismiss or stay filed when this case began. Sabin Robbins contended in the motion to dismiss or stay that Whitescarver did not exhaust his administrative remedies because he did not comply with the Company's demand to produce the disputed cell phone records. The Court disagreed. The Court found that Whitescarver's written request for an appeal, coupled with the sworn statements he provided, was sufficient to exhaust his administrative remedies. Now, at oral argument and in the pending briefs, Sabin Robbins is suggesting that Whitescarver prematurely initiated this lawsuit before it had a chance to compile all the written materials and information in its possession *at that time* that justified its decision to terminate Whitescarver for cause.

    The Court is persuaded by Sabin Robbins' argument when it reexamines the events following Whitescarver's termination and leading up to Whitescarver filing suit on December 24, 2003. Whitescarver requested an appeal in writing and provided a sworn statement to Sabin Robbins on November 14, 2003. In response, Sabin Robbins on November 26, 2003 fleshed out earlier stated reasons for terminating Whitescarver, but stated it would reconsider its decision only if he produced the disputed phone records. Whitescarver responded on December 22, 2003 by providing two additional sworn statements, but he did not produce the phone records. Instead, because he took Sabin Robbins at its word that it would not consider further appeal without the phone records, Whitescarver filed this suit on December 24, 2003. The Court found in an earlier Order, and still believes, that Whitescarver's communications on November 14, 2003 and December 22, 2003, were sufficient to exhaust his administrative remedies, especially considering that there was no written claims or appeals procedure. However, the Court was not specifically called on to and did not consider at that time the implications of its Order in regards to the

completeness of the administrative record.

Whitescarver's filing of the Complaint on December 24, 2003 had the effect of prematurely closing the administrative record. Sabin Robbins had in previous writings stated briefly its reasons for terminating Whitescarver, but it did not have an adequate chance before December 24, 2003 to respond to the sworn statements Whitescarver provided on November 13 and December 22, 2003. In fact, prior to December 22, 2003, a mere two days before suit was filed, Sabin Robbins still was awaiting additional information from Whitescarver–the phone records– after which time it would reconsider the termination decision.[1]

Sabin Robbins had no reason to assume prior to December 22, 2003 that the parties' communications and exchange of information was finished and that Whitescarver intended to file suit, and thus close the administrative record. Had Sabin Robbins been informed that Whitescarver did not intend to produce the phone records and did intend to file an ERISA-based lawsuit, it is reasonable to assume that Sabin Robbins would have responded to the three sworn statements that Whitescarver had provided. For example, Sabin Robbins stated in the November 26, 2003 letter that it disputed the accuracy of certain elements of Whitescarver's first sworn statement, but it did consider it to be the purpose of that letter to respond to the inaccuracies. (A.R. 88.) Assuming that Sabin Robbins was put on notice of Whitescarver's intent to file suit by the December 22, 2003 letter, then it deserved more than two days to ensure that the written administrative record was complete. Both parties in this case are represented by experienced

---

[1] The Court reiterates again in this Order that it is not compelling Whitescarver to produce the disputed cell phone records. The Court respectfully disagrees with Sabin Robbins' recollection that the Court ordered the production of the records at the settlement conference. Rather, the parties indicated at the conference that they might be able to reach agreement as to the production of the records.

counsel who are well-versed in the peculiarity of ERISA law that requires this suit to be determined solely on the administrative record.  See Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 619 (6th Cir.1998) (Gilman, J., concurring, joined by Ryan, J.); Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir.1991).

Permitting the parties to complete the administrative record at this late stage is just and furthers the goals of ERISA's administrative exhaustion requirement.  Specifically, it will allow the SER Plan administrator the opportunity to correct the termination decision if appropriate and it will provide a more complete record on which the Court can determine whether the SER Plan administrator acted in an arbitrary and capricious manner.  Costantino v. TRW, Inc., 13 F.3d 969, 975 (6th Cir. 1994).  The Court is sensitive to Whitescarver's concern that Sabin Robbins should not be permitted to defend the termination decision made in 2003 with *ad hoc* justifications in this subsequent litigation.  To be clear, Court is authorizing the parties to complete the administrative record with information then known to the parties and then relied upon by Sabin Robbins in making the decision to terminate Whitescarver for cause in late 2003.

For the foregoing reasons, the Court **ORDERS** that the parties be given 60 days from the date of this Order to complete the administrative record.  At the conclusion of the 60-day period, the action is remanded for a period of 30 days so that the plan administrator for the Sabin Robbins SER Plan can conclude its administrative appeal and issue a final decision.[2]  The Court retains jurisdiction to hear Whitescarver's appeal of the SER Plan administrator's final decision, if any.

---

[2] The Court is not bound by VanderKlok v. Provident Life & Acc. Ins. Co., 956 F.2d 610 (6th Cir. 1992) in these specific circumstances to decide the case itself based on a review of the completed administrative record without a remand to the plan administrator.  Defendant in VanderKlok had failed to provide the plaintiff with his ERISA procedural protections, a circumstance not present here.

Finally, the Court **DENIES** Whitescarver's Motion for Attorney's Fees as moot.

    IT IS SO ORDERED.


                                  ___s/Susan J. Dlott_____
                                  Susan J. Dlott
                                  United States District Judge